**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case NO. 25-cr-00105-NYW

UNITED STATES OF AMERICA,

      Plaintiff,

v.

COOPER FREDERICK,

      Defendant.

---

**DEFENDANT'S MOTION TO DISMISS INDICTMENT FOR UNCONSTITUTIONAL SELECTIVE PROSECUTION**

---

Cooper Frederick, by and through counsel, Kelly L. Page, Richard K. Kornfeld and Liz Delay of Recht Kornfeld, P.C., and pursuant to Federal Rule of Criminal Procedure 12(b)(3)(A)(iv), respectfully moves this Court to dismiss the Indictment for unconstitutional selective prosecution, or, in the alternative, to order discovery and an evidentiary hearing on his claims.

In support of the motion, Mr. Frederick states as follows:

### Introduction

"The prosecutor has more control over life, liberty, and reputation than any other person in America." Robert H. Jackson, *The Federal Prosecutor*, 31 J. Crim. L. & Criminology 3 (1940). But prosecutorial power, though vast, is not unlimited. It cannot be used to selectively prosecute someone based on invidious distinctions, or to secure political favor. Federal Rule of Criminal Procedure 12(b)(3)(A)(iv) authorizes motions to dismiss an indictment for selective prosecution. Those motions are infrequently made and rarely succeed. But, if ever there was a case for dismissal

on those grounds in this District, this is that case. The government is attempting to use this case—

and this Court—to curry favor with the purportedly richest man in the world, Elon Musk, through

a draconian prosecution solely based on the political expediency of showing the President's

political benefactor, and one of his largest contributors, that the Justice Department will settle

scores on behalf of Mr. Musk.

Numerous other similarly situated incidents of vandalism and, indeed, outright arson, using

alleged Molotov cocktails or similar incendiary devices aimed at motor vehicles, have not been

federally charged in this District over the last five years, as discussed below. But for this case, one

where no one was injured, or even threatened with injury, and only de minimis paint damage was

inflicted by what amounted to a defective dud incendiary, the full weight of the federal government

was brought to bear. Moreover, the very highest-ranking leader of the Department of Justice, the

then-Attorney General herself, took to the microphone to breathlessly proclaim in a video press

release that was promptly posted to her account on the Elon Musk-owned social media site X under

the tagline "Justice is coming," that "you can run, but you cannot hide":

> "I've made it clear, if you take part in the wave of domestic
> terrorism against Tesla properties, we will find you, arrest you, and
> put you behind bars. Today, I am proud to announce that the
> Department of Justice has unsealed federal charges against another
> Tesla attacker. We have charged Cooper Frederick in the
> firebombing of a Tesla dealership that occurred on March 7th in
> Loveland, Colorado. All of these cases are a serious threat to
> public safety. Therefore, there will be no negotiating. We are
> seeking twenty years in prison. The crime was committed in
> Colorado, and thanks to the great investigative work by the FBI,
> the defendant was arrested in Plano, Texas. Let this be a warning,
> you can run, but you cannot hide. Justice is coming."

(Video statement of then-Attorney General Pam Bondi, March 31, 2025.)

In this country, criminal prosecutions may not be based on political expediency, let alone

on a prosecutor's effort to demonstrate political fealty. This prosecution is a constitutional

2

violation of the most basic sort. As such, the Indictment must be dismissed.

### Background

The Indictment in this case charges Mr. Frederick with two felony counts: (1) malicious destruction and attempted destruction of property by fire, in violation of Title 18, U.S.C., Section 844(i); and (2) possession of an unregistered destructive device, in violation of Title 26 Sections 5861(d) and 5871. The charges stem from an incident in the early hours on the morning of March 7, 2025, at the Tesla dealership in Loveland, Colorado, when cleaning workers, but no customers or Tesla personnel, were present inside the dealership. During these dark morning hours, a lit incendiary device, a "Molotov-cocktail" made from a glass pepper jar filled with lighter fluid and a rag inside it, was thrown outside between two Tesla vehicles parked in the dealership's lot, causing a small fire that was quickly put out by the responding police officer. This incident resulted in, as far as the Defense can tell from discovery in this case, a few hundred dollars in total damages to two Tesla vehicles.

However, well before any federal charges were filed against Mr. Frederick, he was arrested by local law enforcement in Larimer County and charged in state court with five state-law violations. After his arrest, a state judge set a $20,000 cash bond (which Mr. Frederick posted) approved Mr. Frederick's request to reside with his parents in Plano, Texas (which he did), and required that he prospectively execute a waiver of extradition from Texas, which he signed before being released from the jail. Hardly the actions usually taken by a "domestic terrorist" or an individual who is trying to run and hide.

Mr. Frederick's initial arrest and charges generated significant news coverage, but that coverage exploded on March 31, 2025, when then-Attorney General Bondi announced from Washington, D.C., the arrest of Mr. Frederick by federal law enforcement agents in Plano,

Texas, where he was residing with permission from the state court pursuant to state bond conditions in his Larimer County case.  The Attorney General's video news release, which is still posted on the X social media site at her then-official account[1]has generated some 84.8 million views and more than 20,000 comments. Ms. Bondi suggested in her video press release  that agents from the FBI tracked Mr. Frederick down, as if he were on the run from law enforcement. However, Mr. Frederick's location was known to the Department of Justice, not just due to the coverage of his state case and the publicly available information in that case regarding his location, but because undersigned counsel communicated his exact whereabouts to federal prosecutors in Denver a week and a half before he was indicted. Not only did undersigned counsel communicate his location to federal authorities, but counsel also noted that Mr. Frederick would surrender himself forthwith if indicted on federal charges. The Attorney General's video news release was posted to X one week after she had earlier issued a prior written news release in which she had announced other arrests in other Tesla-related cases.  *See* "Bondi Trumpets Weeks-Old Arrests for Tesla Attacks: Attorney General Pam Bondi's statement underscored the extent to which the administration has publicly defended and embraced Elon Musk, one of President Trump's chief allies." *New York Times*, March 20, 2025.[2]

The sound and fury from the highest officials of the Justice Department in Washington, D.C. concerning Mr. Frederick's case stand in stark contrast to the numerous other earlier incidents of Molotov-cocktail attacks in Colorado, where no federal charges of any kind were ever filed, let alone commented upon by the chief law enforcement officer of the United States. For example, the following state-court cases over the past five years never generated any federal prosecutions

---

[1] https://x.com/AGPamBondi/status/1906842919195013241
[2]https://www.nytimes.com/2025/03/20/us/politics/pam-bondi-tesla-domestic-terrorism.html?eafs_enabled=false

despite their substantial similarity in details and their graver impact in damages:

- 2021 Boulder County – *People v. Allison, Derrick James & Holden, Johnny*, Nos. 2021CR001284 & 2021CR001285:
  - The defendants allegedly set fire to an unoccupied police SUV.  The two were charged in state court with second-degree arson, criminal mischief, and possession and use of an incendiary device. No federal charges were filed.

- 2021 Boulder County – *People v. Szyperek, Mark Stephen*, No. 2021CR001090:
  - The defendant allegedly taped a road flare to a foot-long propane cannister, lit it, and then threw the improvised device at people outside a Boulder fire station. The defendant was charged in state court with attempted first-degree assault with a deadly weapon, fourth-degree arson, and possession of explosives. No federal charges were filed.

- 2021 Douglas County – *People v. Vadney, Sean Connor*, No. 2021CR001144:
  - The defendant allegedly threw a glass beer bottle filled with gasoline with a lit fuse at a parked vehicle. The defendant was charged in state court with use of an explosive or incendiary device and second-degree arson. No federal charges were filed.

- 2022 Mesa County – *People v. Medina, Leo Benedict*, No. 2022CR000158
  - The defendant allegedly lit fire to a propane tank inside a camper RV in a parking lot while law enforcement officers were attempting to arrest him on an outstanding warrant. The defendant was charged in state court with use of an incendiary device, fourth-degree arson, first-degree assault on a peace officer with a weapon. No federal charges were filed.

- 2023 El Paso County – *People v. Macklin, Richard Quinn Jr.*, No. 2023CR003689:

  o The defendant allegedly constructed and threw numerous Molotov cocktail devices filled with kerosene oil at several houses in the neighborhood where his ex-girlfriend lived over a three-week period. The defendant was charged in state court with use of incendiary devices and first-degree arson. No federal charges were filed.

- 2024 Adams County – *People v. Perkins, Mark Vince*, No. 2024CR002815:

  o The defendant allegedly used an incendiary device to set fire to a vehicle. The defendant was charged in state court with use of an incendiary device and second-degree arson. No federal charges were filed.

All of these cases involved substantially more serious financial losses than Mr. Frederick's, and many of the state cases presented grave dangers to various individuals, including law enforcement officers. In addition, a distinguishing characteristic between these earlier state cases and Mr. Frederick's is that they did not involve a Tesla store, and did not occur at a time when the Executive Branch was seeking to promote its alignment with the principal shareholder of the Tesla company, Elon Musk, who the Court will recall served in the second Trump administration as a leader of the Department of Government Efficiency ("DOGE") during the timeframe at issue in this case. Many of these prior Molotov-cocktail cases in Colorado generated news coverage at the time, and most of them involved substantial property damage, but at no moment did the full weight of the federal government come to be levied against the defendants in these earlier cases. Indeed, the only other distinguishing characteristics of Mr. Frederick's case, other than the minimal damage his alleged crimes caused, was that one of the purported victims of his alleged crimes, Mr. Musk as Tesla's principal stockholder, was then a close confidant and significant financial

6

supporter of the President of the United States. Moreover, President Trump has distinguished himself from every one of his predecessors by utilizing the United States Department of Justice to further his personal interests, vendettas and grievances. The myriad examples of this lack of respect for the independence of Department of Justice are too numerous to cite herein but have been and continue to be widely reported in the general and legal press.

In the present case, there is no articulable federal interest that sheds light on the Justice Department's decision to charge Mr. Frederick, especially when one compares the facts of this case to other arson cases charged in state court in Colorado. In addition, despite Ms. Bondi's labeling of Mr. Frederick as a "domestic terrorist," he was not charged with acts of terrorism, and the discovery is devoid of any indication that Mr. Frederick is a member of any terrorist group, or that he has ever espoused an ideology or political beliefs consistent with those of recognized terrorist entities, foreign or domestic. Again, it is solely the fact that the alleged crime occurred at a Tesla dealership that lands Mr. Frederick before this Court.

#### Argument

While the government is vested with broad prosecutorial authority, its discretion is not "unfettered." *U.S. v. Batchelder*, 442 U.S. 114, 124-125 (1979). The charging decision must not run afoul of the rights and protections afforded by the Constitution. *See id.* at 125 ("Selectivity in the enforcement of criminal laws is, of course, subject to constitutional constraints."). A claim of selective prosecution is "an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *U.S. v. Armstrong*, 517 U.S. 456, 463 (1996). "If the Executive selectively prosecutes someone based on impermissible considerations, the equal protection remedy is to dismiss the prosecution." *In re Aiken County*, 725 F.3d 255, 264 n.7 (D.C. Cir. 2013).

To prevail on a charge of unconstitutional selective prosecution, a defendant must show that he was singled out for prosecution while others similarly situated were not prosecuted. *U.S. v. Salazar*, 720 F.2d 1482, 1487 (10th Cir. 1983). Selection in the choice to prosecute "is not unconstitutional if the selection is not deliberately based on an unjustifiable categorization." *U.S. v. Dukehart*, 687 F.2d 1301, 1303 (10th Cir. 1982); *see also Wayte v. U.S.*, 470 U.S. 598, 607 (1985) (holding that a selective prosecution claim may be based on unjustifiable discrimination arising from ideological or free speech considerations); *U.S. v. Furman*, 31 F.3d 1034, 1037 (10th Cir. 1994) (holding that a defendant must show that his prosecution was "invidious or in bad faith and was based on impermissible considerations").

Because selective prosecution claims are judged by equal protection standards, a defendant claiming selective prosecution must demonstrate "that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." *Armstrong*, 517 U.S. at 465; *see also U.S. v. DeChristopher*, 695 F.3d 1082, 1097 (10th Cir. 2012). The standard of proof of a selective prosecution claim is a "demanding" one because the claimant is requesting the judiciary to exercise power over the executive branch. *Armstrong.* 517 U.S. at 463-64.

To proceed with a selective-prosecution claim, "[t]he claimant must demonstrate that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." *Id.* at 465 (internal quotation marks omitted); *see also U.S. v. DeChristopher*, 695 F.3d 1082, 1097 (10th Cir. 2012). To show a discriminatory effect, a defendant must show that there were other cases where the defendants' circumstances presented "no distinguishable legitimate prosecutorial factors that might justify making different prosecutorial decisions." *U.S. v. Deberry*, 430 F.3d 1294, 1301 (10th Cir. 2005) (quoting *United States v. Olvis*, 97 F.3d 739, 744 (4th Cir. 1996)); *see also* Daniel T. Hansmeier, *Tenth Circuit*

*Criminal Handbook* § 4.03, 2026 Edition (LexisNexis Matthew Bender).

In addition, in the event that a defendant makes a "credible showing" of the existence of the two elements for a selective prosecution claim – (1) discriminatory effect and (2) discriminatory purpose – then the defendant is entitled to discovery on the government's prosecutorial decision-making in the defendant's case and a hearing to test the credibility of the government's evidence. *See Armstrong*, 517 U.S. at 468; *DeBerry*. 430 F.3d at 1300; *DeChristopher*, 695 F.3d at 1097; *see also U.S. v. Zakhari*, 85 F. 4th 367, 381 (6th Cir. 2023) (holding that a trial court abused its discretion in failing to hold a hearing at which the credibility of the government's response to a claim of vindictive prosecution can be assessed); *U.S. v. Adams*, 870 F.2d 1140, 1146 (6th Cir. 1989) ("It may well be that no fire will be discovered under all the smoke, but there is enough smoke here, in our view, to warrant the unusual step of letting the defendants find out how this unusual prosecution came about").

Although this is a "demanding standard," *DeBerry*, 430 F.3d at 1299, a defendant need not establish a prima facie case of selective prosecution to be entitled to discovery. *See U.S. v. James*, 257 F.3d 1173, 1178 (10th Cir. 2001). Instead, as the Third Circuit has pointed out, the standard for obtaining discovery on a claim of selective prosecution is "facially less rigorous" than that which would be required to obtain dismissal of the charge, concluding that a defendant is entitled to discovery if he has presented "some evidence" on the two elements of the claim. *U.S. v. Washington*, 869 F.3d 193, 214-15 (3d Cir. 2017).

In the current prosecution against Mr. Frederick, the defendant has established through the facts submitted in this Motion that he was singled out for prosecution based on the government's political considerations and its alignment with Elon Musk and/or his Tesla business, while other similarly situated cases that had no connection with Mr. Musk, Tesla, or with the government's

affinity for Elon Musk, were not federally prosecuted. The video-recorded words of the then-Attorney General herself asserting that the conduct alleged against Mr. Frederick was part of "a wave of domestic terrorism," when there is no showing of any kind that Mr. Frederick sought to engage in "terrorism," and that Mr. Frederick's alleged actions were those of "another" Tesla attacker, demonstrate an overt effort by the then-Attorney General herself to link the government's prosecution of Mr. Federick with support for the President's political ally. In posting her video to that political ally's own social media platform, the then-Attorney General and her Justice Department signaled directly to X's controlling shareholder that the government was singling out "another" attacker for federal prosecutorial retribution.

There can be no doubt that if Mr. Frederick's alleged crime had occurred at any other company's car dealership, and if it had occurred at any other time before then-Attorney General Bondi took it upon herself to publicly announce a campaign to protect the business interests of one of the President's largest campaign contributors, then there would be no federal case here. Mr. Frederick would have been left to the mercies of Colorado's state-court justice system, as happened in the numerous other Molotov-cocktail cases that Colorado has prosecuted long before any case involving a Tesla store.

WHEREFORE, Cooper Frederick respectfully requests this Court enter an Order dismissing the Indictment on grounds of selective prosecution or, in the alternative, to order discovery and a hearing on Mr. Frederick's claim of selective prosecution.

Respectfully submitted this 7th day of August, 2026.

**RECHT KORNFELD, P.C.**

*s/ Kelly Page*
Kelly L. Page
Richard K. Kornfeld
Liz DeLay

10

Attorneys for Defendant Cooper Frederick
1600 Stout Street, Suite 1400
Denver, Colorado 80202
Phone: (303) 573-1900
Fax: (303) 446-9400
rick@rklawpc.com, kelly@rklawpc.com,
liz@rklawpc.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August, 2026, I electronically filed the foregoing **Defendant's Motion to Dismiss Indictment for Unconstitutional Selective Prosecution** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.


*s/ Valerie Lucero*
Paralegal